IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TORRANCE RENARD FLEMINGS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-0699-B |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Torrance Renard Flemings, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2006, petitioner was convicted of aggravated robbery with a deadly weapon and sentenced to 70 years confinement. His conviction and sentence were affirmed on direct appeal. *Flemings v. State*, No. 05-06-00715-CR, 2007 WL 572330 (Tex. App.--Dallas, Feb. 26, 2007, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied. *Ex parte Flemings*, WR-71,767-01, 2009 WL 1165610 (Tex. Crim. App. Apr. 29, 2009). Petitioner then filed this action in federal district court.

II.

In multiple grounds for relief, petitioner contends that: (1) he is actually innocent; (2) his conviction was the result of prosecutorial misconduct, an illegal arrest, an unconstitutional search

and seizure, and an impermissibly suggestive identification procedure; and (3) he received ineffective assistance of counsel at trial and on appeal.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner was invited to address the limitations issue in a reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and

exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 70 years in prison for aggravated robbery with a deadly weapon. His conviction was affirmed by the state court of appeals on February 26, 2007. The Texas Court of Criminal Appeals refused a petition for discretionary review on September 12, 2007. Petitioner did not seek relief in the United States Supreme Court by way of a petition for writ of certiorari. Therefore, his conviction became final on December 11, 2007--90 days after the Texas Court of Criminal Appeals denied review. *See Watson v. Thaler*, No. 3-09-CV-1125-O, 2010 WL 271940 at *2 (N.D. Tex. Jan. 21, 2010) (citing cases), *appeal filed*, No. 10-10186 (5th Cir. Feb. 24, 2010) (state conviction becomes final for limitations purposes when 90-day deadline for seeking further relief in Supreme Court expires). Petitioner filed an application for state post-conviction relief on November 14, 2008. The application was denied on April 29, 2009. Petitioner filed this action in federal court on April 1, 2010.[1]

The AEDPA statute of limitations started to run on December 11, 2007, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). This period was tolled from November 14, 2008 until April 29, 2009, a total of 167 days, while his state writ was pending. Even allowing for this tolling period, petitioner filed his federal writ 310 days after the expiration of the one-year

---

[1] The court notes that petitioner mailed his state writ to the court of appeals on September 12, 2008. However, the writ was not "properly filed" until November 14, 2008 when it was filed in the trial court as required by Texas law. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(b) (Vernon 2007) ("An application for writ of habeas corpus filed after final conviction in a felony case, . . . must be filed with the clerk of the court in which the conviction being challenged was obtained[.]"). Moreover, petitioner mailed his federal writ to the state court of appeals, instead of the federal district clerk, on March 18, 2010. For limitations purposes, petitioner's federal writ was considered filed on April 1, 2010, the date he delivered the writ to prison authorities for mailing to federal court. *See Thompson v. Thaler*, No. H-10-0061, 2010 WL 2598388 at *1 n.1 (S.D. Tex. Jun. 24, 2010), *citing Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Even if the court uses the earlier dates in calculating limitations, petitioner's federal writ is still untimely.

statute of limitations. No explanation has been offered to justify this delay or to suggest that equitable tolling is appropriate. Consequently, petitioner's untimely writ must be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 22, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE